IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00911-WYD-CBS

MERCURY COMPANIES, INC., AMERICAN HERITAGE TITLE AGENCY, INC., D/B/A FIRST AMERICAN HERITAGE TITLE COMPANY OF DENVER, SECURITY TITLE GUARANTY CO., TITLE AMERICA, INC., AND UNITED TITLE COMPANY, INC.,

Plaintiffs,

v.

THE FIRST AMERICAN CORPORATION and FIRST AMERICAN TITLE INSURANCE COMPANY,

Defendants.

---

THE FIRST AMERICAN CORPORATION and FIRST AMERICAN TITLE INSURANCE COMPANY,

Counterclaimants

v.

MERCURY COMPANIES, INC., AMERICAN HERITAGE TITLE AGENCY, INC., D/B/A FIRST AMERICAN HERITAGE TITLE COMPANY OF DENVER, SECURITY TITLE GUARANTY CO., TITLE AMERICA, INC., UNITED TITLE COMPANY, INC., FIDELITY NATIONAL FINANCIAL, INC., and FNF SECURITY ACQUISITION, INC.

Counterdefendants.

---

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

---

Plaintiff and Counterdefendants Mercury Companies, Inc. ("Mercury"), American Heritage Title Agency, Inc., D/B/A First American Heritage Title Company of Denver ("American Heritage"), Security Title Guaranty Co. ("Security Title"), Title America, Inc. ("Title America"), and United Title Company, Inc. ("United Title"), Defendants and Counterclaimants The First American Corporation ("FACO") and First American Title Insurance Company ("FATICO"), and Counterdefendants Fidelity National Financial, Inc. and FNF

Security Acquisition, Inc. (jointly "Fidelity") (individually, "Party," and collectively, "Parties") enter into this STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION ("Order"):

1. In this action, entitled *Mercury Companies, Inc., et al., v. First American Corp., et al.*, United States District Court for the District of Colorado, Civil Action No. 08-cv-00911-WYD-CBS, the Parties and non-parties may disclose documents and information that constitutes or contains financial or other business or trade secret information of a proprietary, confidential, or commercially sensitive nature, or information invasive of an individual's legitimate privacy interests. For purposes of this Order, such information shall be referred to as "Confidential Information."

2. The Party or non-party that in good faith believes the documents and information contain Confidential Information and produces or discloses the Confidential Information shall be the "Designating Party."

3. Confidential Information may include:

    (a) Information set forth in response to discovery requests;

    (b) Information set forth in documents produced in response to a request for production;

    (c) Information disclosed during depositions;

    (d) Any other information disclosed by the Designating Party to any other Party directly or through its counsel that the Designating Party claims in good faith to be its financial or other business or trade secret information of a proprietary, confidential or commercially sensitive nature, or information invasive of an individual's legitimate privacy interests, if the Designating Party, before disclosure to another Party, marks the Confidential

Information with the label or stamp as set forth in Paragraph 4 below.  If the Confidential Information is in oral or other intangible form, the Designating Party shall identify the information as Confidential Information and, if practical, within (30) days after disclosure reduce the Confidential Information to written form with one of the labels or stamps set forth in Paragraph 4 below;

   (e) Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in subsections (a) through (d), inclusive, above.

  4. Documents that contain any Confidential Information shall be stamped or labeled

CONFIDENTIAL – Subject to Protective Order

or

CONFIDENTIAL – ATTORNEYS' EYES ONLY<br>Subject to Protective Order

Deposition testimony that contains Confidential Information may be designated as Confidential Information if counsel, the witness, or the Party whose Confidential Information is to be or was disclosed, states on the record that the portion of the deposition is to be treated as Confidential Information.  Additionally, a Party or non-party may designate such Confidential Information in writing within thirty (30) days of the completion of the transcript of such deposition (as certified by the court reporter).  After any such written designation, each Party shall be responsible for marking copies of the deposition transcript in their possession with the label or stamp set forth in this Paragraph.

  5. An inadvertent failure to designate documents and information as "Confidential Information" shall not constitute a waiver of such a claim and may be corrected by prompt supplemental written notice designating such documents and information as "Confidential."  The

Party receiving such supplemental written notice shall thereafter mark and treat materials so designated as "Confidential Information." Such written notice shall identify with specificity the information or documents that contain such Confidential Information. In addition, if reasonably requested, the Party receiving the Confidential Information shall use its best efforts to retrieve any such inadvertently disclosed Confidential Information from any persons to whom it gave such Confidential Information and who is not otherwise entitled to see such Confidential Information.

6. An inadvertent production of information, documents, or tangible things that should have been withheld subject to a claim of attorney-client privilege or work-product immunity shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work-product immunity. In such an event, the producing party shall request, in writing, within five (5) business days of learning of such inadvertent or mistaken production, the return of all information for which a claim of inadvertent or mistaken production is made. Within ten (10) business days after receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work-product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information and shall certify its compliance with these requirements in a letter accompanying the return of any inadvertently or mistakenly produced information.

7. At any time after the designation of Discovery Material as "Confidential," counsel for the Party receiving such Discovery Material may challenge the "Confidential"

designation by providing written notice to counsel for the Designating Party of the documents being challenged and basis for the challenge. If the Designating Party does not agree to withdraw the "Confidential" designation, the challenge may be raised by a motion to the Court. The parties agree to meet and confer to try and resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. The Designating Party bears the burden of justifying the "Confidential" designation and may oppose the motion. The Court is empowered to determine whether the "Confidential" designation applies. The "Confidential" designation shall be maintained until the Court rules on the motion.

8. Confidential Information may not be disclosed to any person other than:

(i) the Court and Court personnel as allowed or directed by the Court, as well as any mediator or settlement judge that may be retained by the parties;

(ii) copy, data, hosting and other providers of litigation services retained by counsel for the parties for the purposes of the action;

(iii) the parties and their employees who have a need to know of such information;

(iv) in-house and outside attorneys for the parties, and those attorneys' respective employees, directly involved in the action;

(v) court reporters and videographers transcribing or filming depositions or testimony involving such Confidential Information;

(vi) experts or consultants of a Party, provided the requirements of Paragraphs 10 and 11 of this Order are met; and,

(vii) a non-party witness who may be examined and may testify concerning such Confidential Information if it appears on its face or from other documents that the witness

is the author or recipient of such Confidential Information.

9. Confidential Information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed to any person other than:

(i) the Court and Court personnel as allowed or directed by the Court, as well as any mediator or settlement judge that may be retained by the parties;

(ii) copy, data, hosting and other providers of litigation services retained by counsel for the parties for the purposes of the action;

(iii) in-house and outside attorneys for the parties, and those outside attorneys' respective employees, directly involved in the action;

(iv) court reporters and videographers transcribing or filming depositions or testimony involving such Confidential Information;

(v) experts or consultants of a Party, provided the requirements of Paragraphs 10 and 11 of this Order are met; and,

(vi) a non-party witness who may be examined and may testify concerning such Confidential Information if it appears on its face or from other documents that the witness is the author or recipient of such Confidential Information.

10. Pursuant to Paragraphs 8 and 9 of this Order, outside experts or consultants retained for the purposes of this litigation may view Confidential Information if review of such Confidential Information is necessary for such expert or consultant to render his or her opinion, except that Attorneys' Eyes Only information shall not be divulged to any expert or consultant who is affiliated with a competitor of the conveying Party.

If a Party that received Attorneys' Eyes Only information wishes to disclose such information to an expert or consultant, the Party shall make a reasonable investigation to

determine if that expert or consultant is so affiliated. If the expert or consultant is not so affiliated, the Party may disclose Attorneys' Eyes Only information pursuant to the procedures outlined in Paragraph 11.

If the expert or consultant is so affiliated, the Attorneys' Eyes Only information may only be divulged to the expert or consultant by written agreement of the parties or by order of the Court.

11. Before a Party discloses Confidential Information to any expert, consultant or non-party witness, the expert, consultant or non-party witness must certify that he or she has read this Order and agrees to be bound thereby by signing a copy of the "Certification," the form of which is attached hereto as Exhibit A. Once a person who signed the "Certificate" terminates his or her services in this litigation, he or she shall return all Confidential Information to the Party that retained him or her. Once a person has terminated services in this litigation, he or she will no longer be allowed access to Confidential Information unless he or she executes a new "Certification." Each "Certification" executed by an expert or consultant, non-party witness or employee, officer or director of a Party shall be retained by counsel who retained him or her, and need not be produced to the Designating Party during the litigation except as necessary in the case of a dispute concerning a violation of this Order. Within ten (10) days after the final conclusion of the litigation, whether by dismissal, judgment, or settlement, counsel retaining executed Certifications shall deliver to opposing counsel true and correct copies of all such Certifications, which information shall be utilized by the parties and/or their counsel to enforce the terms of this Order. Expert, consultants, and non-party witnesses shall not be allowed to retain copies of the Confidential Information, unless otherwise agreed or ordered.

12. Nothing herein shall prohibit a Party, or its counsel, from disclosing a document designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS" EYES ONLY" to the author or recipient of such document, or to a person who is a current officer or director of the same company as the author or recipient.

13. Confidential Information shall be used only for the purposes of this action, *Mercury Companies, Inc., et al., v. First American Corp., et al.*, United States District Court for the District of Colorado, Civil Action No. 08-cv-00911-WYD-CBS and *In re Mercury Companies, Inc.,* United States Bankruptcy Court for the District of Colorado Case No. 08-23125. Confidential Information shall not be used in any other litigation or proceeding absent a written agreement, signed by all of the parties to this Order, or by court order.

14. Confidential Information shall not be disclosed or used by persons other than those permitted access pursuant to Paragraphs 8, 9, 10 and 11.

15. The terms of this Order bind any affiliates of the Parties that come into possession of Confidential Information.

16. Each individual who receives any Confidential Information hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

17. The recipient of any Confidential Information shall maintain such information in a secure and safe area and in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with the provisions of this Order.

18. Only persons authorized to receive or view Confidential Information shall be permitted to attend portions of depositions during which Confidential Information is disclosed.

During the course of a deposition, if the response to a question would require the disclosure of Confidential Information, the witness may refuse to answer or the Designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room.

19. Any court reporter or videographer who transcribes or videotapes testimony in this action at a deposition shall be required to agree, before transcribing or videotaping any such testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court. The Party who notices a deposition shall be responsible for notifying any court reporter or videographer of these obligations.

20. With respect to all motions, the Parties agree that when filing or opposing a discovery motion, counsel must file Confidential Information as well as any materials setting forth the substance of Confidential Information under seal, pursuant to the Federal Rules of Civil Procedure, the local rules of the United States District Court for the District of Colorado, and the Electronic Case Filing Procedures for the United States District Court for the District of Colorado, Version 3.0 (Effective December 1, 2007).

21. "Confidential Information" shall not include information or documents that are or become, without violating this Order and apart from production or disclosure in this litigation, a matter of public record or publicly available by law or otherwise, or that was already lawfully in the possession of the Party and was not acquired under any obligation of confidentiality.

22. Nothing in this Order shall prevent a Designating Party from using information it designates as Confidential Information in any manner it desires.

23. Nothing in this Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that Party may consider appropriate.

24. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this litigation, including all appeals, unless otherwise agreed or ordered. If within 30 days of the conclusion of the litigation, including all appeals, the Designating Party notifies any other Party in writing that it wants Confidential Information to be returned or destroyed, then the other Party shall return all Confidential Information specified by the Designating Party and all copies thereof, including any copies provided to any other persons, except to the extent it contains attorney work product, to the Designating Party or destroy such Confidential Information within 30 days of receipt of such written notice. The Party destroying such Confidential Information shall certify in writing that such documents have been destroyed, and serve such certification on all Parties within 30 days of receipt of such written notice. At the conclusion of this litigation, including all appeals, counsel for the Parties may maintain their copies of the Confidential Information, but they shall not use or disclose Confidential Information except as may be permitted by the Designating Party or the Court.

25. If any Party or person subject to this Order receives a court order or subpoena for Confidential Information, such person or Party shall promptly notify the attorneys of the Designating Party of the document sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and

shall not interfere with respect to any procedure sought to be pursued by the Designating Party whose interests may be affected. The Designating Party shall have the burden of defending against such subpoena, process or order. The subpoenaed Party shall, once sufficient notice to all interested parties and a reasonable opportunity (but in no case less than 10 days after notice) to object has been given, be entitled to comply with the subpoena or other process order except to the extent the Designating Party has filed for or succeed in obtaining an order modifying, staying or quashing the subpoena. If the return or response date for any such subpoena or the compliance date for any such order is less than ten (10) days after service thereof, the Party receiving the subpoena or order shall: (1) request an extension of the return or compliance date, and (2) advise the Designating Party immediately of such return or compliance date.

26. This Order shall be without prejudice to the right of any Party to oppose production of any information on any ground allowed under the Federal Rules of Civil Procedure.

27. By agreeing to this Order, the Parties have not waived any applicable privilege or work product protection. Nor does this Order affect the ability of a Party to seek relief for inadvertent disclosure of privileged documents and information.

28. The agreement to the designation of Confidential Information in this Order does not constitute an admission as to the confidential nature and/or trade secret status of such information. The designation of Confidential Information is not admissible before any trier of fact.

29. This Court retains jurisdiction even after termination of this action to enforce this Order and to make such deletions from or amendments, modifications, and additions to the order, as stipulated by the parties and as the Court may deem appropriate from time to time.

Any Party for good cause may apply, before or after termination of this action, to the Court for a modification of this Order.

DATED at Denver, Colorado, this 4th day of November, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

# EXHIBIT A

## CERTIFICATION

I, _____ (print or type name) hereby certify that I have read the STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION in the action entitled *Mercury Companies, Inc., et al., v. First American Corp., et al.*, United Stated District Court for the District of Colorado, Civil Action No. 08-cv-00911-WYD-CBS, that I understand the terms and effect of that Order, and that I agree to be bound thereby. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado in connection with that Order.

I understand that all Confidential Information, as defined in the Order, including, but not limited to any copies thereof or notes or other transcriptions made therefrom, shall be maintained in a secure manner and shall be returned upon termination of my services in this action within 30 days following the termination of this litigation, including all appeals.

Date: _____ Signature: _____

Printed name: _____
Full Address: _____